[S. F. No. 13941. In Bank.—July 29, 1932.]

EDGAR WARREN WOLFORD, Appellant, v. ALMITA! MAY WOLFORD, Respondent.

William R. Biaggi for Appellant.

William H. Johnson for Respondent.

THE COURT.—Plaintiff brought an action for divorce on ground of desertion. Defendant filed an answer denying the allegations of the complaint, and a cross-complaint praying for divorce on grounds of cruelty and desertion. Plaintiff filed an answer to the cross-complaint, alleging as a special defense that such allegations of cruelty were identical with those pleaded and litigated in a previous action brought by defendant wife against him, wherein an interlocutory

decree of divorce was granted, but a final decree was denied when it appeared that the parties had resumed marital relations.

The lower court granted defendant's motion for a nonsuit, and granted an interlocutory decree of divorce to defendant upon her cross-complaint. The court also determined the character of and divided the community property.

Plaintiff's chief ground of attack is the insufficiency of the evidence to sustain the findings and judgment; and he also points to several errors of the court.

An examination of the findings, conclusions of law, and the decree, shows that the trial court did not clearly indicate whether the decree was based upon the allegations of cruelty or desertion, although orally the court stated that the ground would be desertion. ■ However, on said issues, the evidence does not support the judgment. In the prior divorce action brought by the wife an injunction was issued at her request, restraining her husband from entering their home or otherwise molesting her. Subsequently the parties cohabited to such an extent that the court refused to enter the final decree. Some months later Mrs. Wolford threatened to invoke the terms of the restraining order. Mr. Wolford offered to live with her if she would go to her attorney and have the order dissolved, which she refused to do. In this state of the record we are unable to sustain a finding of desertion. There is nothing to show that plaintiff knew the order to be of no further effect, and the condition attached to his offer to cohabit was a reasonable one.

■ On the issue of cruelty, the court failed to find on the special defense that the allegations of cruelty were identical with those made in the prior action. Obviously, if no new acts of cruelty were presented, no judgment on that ground would be proper. The absence of this finding makes it uncertain whether the judgment is supported by any competent evidence.

Having reached the conclusion that the judgment should be reversed, it is unnecessary for us to consider the contentions that the findings as to community property are erroneous, and that the award for the support and maintenance of the minor children is excessive.

The judgment is reversed.